1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                             DISTRICT OF NEVADA

8                                      * * *
                                         )
9   KAREN SERCU, individually, and       )
    DANA SERCU, individually, and as     )
10  Husband and Wife,                    )         3:09-cv-0619-LRH-RAM
                                         )
11              Plaintiffs,              )
                                         )         ORDER
12   v.                                  )
                                         )
13  LABORATORY CORPORATION OF            )
    AMERICA, dba LabCorp,                )
14                                       )
                Defendant.               )
15                                       )

16          Before the court is plaintiffs' motion to remand and for attorney's fees filed on October 14,

17   2009. Doc. #3[1]. Defendant Laboratory Corporation of America ("LabCorp") filed a response on

18   October 22, 2009. Doc. #12. Thereafter, plaintiffs filed a reply on October 23, 2009. Doc. #14.

19   **I.      Facts and Procedural History**

20          Plaintiff Karen Sercu allegedly suffered a permanent gastrointestinal injury as a result of

21   LabCorp's negligent handling of her plasma specimens. Karen and her husband, Dana Sercu, filed a

22   complaint against LabCorp in state court.

23          LabCorp removed the action to federal court alleging diversity jurisdiction.[2]  Plaintiffs filed

24

25          [1] Refers to the court's docket entry number.

26          [2] The removal petition was filed in case no. 3:09-cv-0044-BES-RAM.

1  a motion to remand. The court granted the motion finding that it was not facially apparent from the

2  complaint that the amount in controversy was met simply from the plaintiffs' allegations of a

3  permanent gastrointestinal injury. Doc. #13, case no. 3:09-cv-0044. Accordingly, the matter was

4  remanded to state court.

5      After the completion of discovery, LabCorp filed a second notice of removal on October 13,

6  2009, and again removed the action to federal court on the basis of diversity jurisdiction. Doc. #2.

7  Thereafter, plaintiffs filed the present motion to remand and for attorney's fees. Doc. #3.

8  **II.    Legal Standard**

9      Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district

10  courts of the United States have original jurisdiction, may be removed by the defendant or the

11  defendants, to the district court of the United States for the district and division embracing the

12  place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction

13  over civil actions where the suit is between citizens of different states and the amount in

14  controversy, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a).

15      Removal of a case to a district court may be challenged by motion. 28 U.S.C. § 1441(c). A

16  federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are

17  construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas*

18  *Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

19  1992). In a diversity case, if a complaint does not specify the amount of damages, "the removing

20  defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in

21  controversy exceeds $[75],000.00." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th

22  Cir. 1996).

23  \

24  \

25  \

26

2

1   **III.     Discussion**

2   **Motion to Remand**

3          **a. Amount in Controversy**

4          Plaintiffs concede that the parties are diverse for diversity jurisdiction, but argue that

5   LabCorp's second notice of removal is insufficient to prove, by a preponderance of the evidence,

6   that the amount in controversy exceeds $75,000.00. Plaintiffs argue that the major focus of this

7   case is on general damages that are relatively unknown and unquantifiable.

8          However, LabCorp has provided a preponderance of evidence that the amount in

9   controversy is over $75,000.00. In support of removal, LabCorp has provided Karen's deposition

10  testimony stating that she has already missed over 350 hours of work and will continue to miss

11  roughly 3 days a month.[3] Moreover, plaintiffs are seeking Karen's prescriptions and medical bills

12  which will continue into the future indefinitely.[4]  Thus, the amount in controversy is met and the

13  court has jurisdiction over the matter.

14         **b. Successive Removal Petitions**

15         Plaintiffs argue that successive removal petitions are generally disfavored and accepted only

16  in the limited circumstances where, through discovery or some new pleading, a new basis for

17  jurisdiction is supported. Effectively, plaintiffs argue that only successive petitions based on a

18  different theory of jurisdiction, either federal question or diversity, are legally supportable. Thus,

19  because LabCorp initially removed the matter to federal court on the basis of diversity jurisdiction,

20  LabCorp's subsequent removal under the same theory warrants remand.

21         Plaintiffs' contention is without merit. Successive removal petitions based on the same

22

23         [3] Karen is forty-two years old and is currently making $17.00 per hour. Assuming she misses three days

24  of work a month, Karen is seeking future lost wages of roughly $5,000.00 a year until she can retire at sixty-five. Plaintiffs' request for future lost wages alone satisfies the amount in controversy requirement.

25         [4] Karens medical and pharmacy bills up to September 17, 2009, are more than $10,000.00. *See* Doc.

26  #12, Exhibits 11, 12, 13.

1    basis for jurisdiction are not barred. *See Mattel, Inc. v. Bryant*, 441 F.Supp.2d 1081, 1089 (C.D.

2    Cal. 2005) ("If a district court remands a case to state court because the defendant failed to prove

3    the jurisdictional amount, but the plaintiff after remand discloses that the amount in controversy is

4    greater than the statutory amount in controversy, the defendant may file a second notice of

5    removal.").

6          Here, the case was initially remanded back to state court because it was not facially apparent

7    from the complaint that the amount in controversy was met. Doc. #13, case no. 3:09-cv-0044.

8    However, through discovery the plaintiffs disclosed the amount of damages they are seeking is

9    greater than the amount in controversy requirement. LabCorp is entitled to file a second notice of

10   removal re-alleging diversity jurisdiction. *See Mattel*, 441 F.Supp.2d at 1089.

11         **c. Timeliness**

12         Plaintiffs argue that LabCorp's second notice of removal is untimely because LabCorp had

13   notice of the extent of Karen's injuries and the probable amount of damages from her responses to

14   LabCorp's interrogatories which were provided more than thirty days prior to the filing of the

15   second notice.

16         The timeliness of removal is governed by 28 U.S.C. § 1446(b), which provides:

17         If the case states by the initial pleading is not removable, a notice of removal may be
           filed within thirty days after receipt by the defendant, through service or otherwise, of a
18         copy of an amended pleading, motion, order or other paper from which it may first be
           ascertained that the case is one which is or has become removable. . . .
19
20   28 U.S.C. § 1446(b). This time limit is "triggered only when the information supporting removal is

21   unequivocally clear and certain." *Mattel*, 441 F.Supp.2d at 1089-90 (citing Moore et al., supra §

22   107.30[3][a][i][C]). Deposition and other discovery documents constitute an "other paper" for

23   purposes of section 1446(b). *See Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir. 2002)

24   ("This court agrees with, and now joins, the majority of courts and finds that a plaintiff's responses

25   to deposition questioning may constitute an "other paper" for Section 1446(b)."); *Smith v. Int'l

26   Harvester*, 621 F.Supp. 1005, 1007 (D. Nev. 1985).

1   Here, contrary to plaintiff's arguments, their interrogatory responses do not constitute

2   equivocally clear and certain information triggering the thirty-day limitations period. Plaintiffs'

3   responses were vague and limited. In response to questions about their expected economic

4   damages, plaintiffs simply states that their responses would be supplemented. Further, when

5   describing her future medical treatment, Karen stated that she would require periodic doctor's visits

6   and medications but did not specify the expected frequency of visits or their costs nor did she

7   identify her medications and the time-frame of expected use.

8   The thirty-day limitations period was not triggered until September 17, 2009, when Karen's

9   deposition was taken and LabCorp received Karen's pharmacy bills and insurance records. It is

10   only from these items that LabCorp learned the extent of plaintiffs' requested damages and have

11   unequivocally clear and certain evidence that the amount in controversy was met. LabCorp's

12   second notice of removal was filed on October 13, 2009, less than thirty-days after the

13   September 17, 2009 deposition. Accordingly, LabCorp's second notice of removal was timely.

14   **Motion for Attorney's Fees**

15   An order remanding a case to state court may include an award of attorney's fees. 28 U.S.C.

16   § 1447(c). Here, the court finds that LabCorp's removal was proper. Accordingly, plaintiffs'

17   request for attorney's fees upon remand is denied.

18   IT IS THEREFORE ORDERED that plaintiffs' motion to remand (Doc. #3) is DENIED.

19   Because this case was removed shortly before the scheduled trial date in state court, a status

20   conference before this court is set for Thursday, November 12, 2009, at 2:00 p.m., in Courtroom 5,

21   to consider the scheduling of an expedited trial date in this court.  All counsel may appear either

22   ///

23   ///

24   ///

25   ///

26   ///

5

1   in person or by telephone.  Counsel appearing telephonically shall contact Rosemarie Miller,

2   Courtroom Deputy Clerk, at 775-686-5829, with the telephone number where they can be reached.

3          IT IS SO ORDERED.

4          DATED this 5th  day of November, 2009.

5

6          _____

7          LARRY R. HICKS
           UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26