UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

|  |  |
|---|---|
| KAREN SERCU, individually, and DANA SERCU, individually, and as Husband and Wife, | ) ) ) ) |
|  | 3:09-cv-0619-LRH-RAM |
| Plaintiffs, | ) ) |
|  | ORDER |
| v. | ) ) |
| LABORATORY CORPORATION OF AMERICA, dba LabCorp, | ) ) ) |
| Defendant. | ) ) ) |

Before the court is plaintiffs Karen and Dana Sercu's ("the Sercus") motion in limine #1-4 filed in state court on October 13, 2009. Doc. #1, Exhibit 9, p.43-47.[1] Defendant Laboratory Corporation of America ("LabCorp") filed an opposition on November 2, 2009. Doc. #17.

Also before the court is the Sercus' motion in limine #5-8 filed on April 5, 2010. Doc. #28. LabCorp filed an opposition on April 22, 2010. Doc. #29.

**I.    Facts and Procedural History**

Plaintiff Karen Sercu allegedly suffered a permanent gastrointestinal injury as a result of LabCorp's negligent handling of her plasma specimens. Karen and her husband, Dana Sercu, filed a complaint against LabCorp in state court alleging two causes of action: (1) negligence per se; and

---

[1] Refers to the court's docket entry number.

1  (2) gross negligence. Doc. #1, Exhibit A.

2       LabCorp removed the action to federal court alleging diversity jurisdiction. Doc. #1. Prior
3  to removal, the Sercus filed the present motion in limine #1-4 in state court. Doc. #1, Exhibit 9,
4  p.43-47. The Sercus seek an order precluding LabCorp from proffering evidence relating to:
5  (1) Karen's prior marijuana use; (2) Dr. Hinojosa's, Karen's treating physician, prior relationship
6  with the Sercus' counsel; (3) an interim automobile accident in which Karen suffered injuries; and
7  (4) the opinion of Danielle Schultz ("Schultz"), a phlebotomist, that Karen was under the influence
8  when her blood was drawn on October 1, 2009. *Id*.

9       After removal, the Sercus filed the present motion in limine #5-8. Doc. #28. The Sercus
10  seek a further order precluding LabCorp from proffering evidence relating to: (5) testimony that
11  Karen's blood samples were frozen within fifteen (15) minutes of being taken; (6) Dana's other
12  than honorable discharge from the military; (7) the Sercus' previous bankruptcy filing; and (8) the
13  Sercus' participation in other litigation. *Id*.

14  **II.     Discussion**

15       The Sercus argue that all of the above reference evidence is not relevant to the underlying
16  litigation and, therefore, LabCorp should be precluded from proffering such evidence at trial.
17  Generally, evidence is relevant if it has "any tendency to make the existence of any fact that is of
18  consequence to the determination of the action more probable or less probable than it would be
19  without the evidence." FED. R. EVID. 401.

20       Here, the court finds that the present motions in limine are premature. The court cannot,
21  based solely on the limited record provided in the motions in limine, determine the relevancy of
22  this evidence. Discovery has not yet been completed and dispositive motions and the pretrial order
23  are not due for some time. Thus, it is not clear on the record before the court whether or not the
24  aforementioned evidence would be relevant to the underlying litigation.

25       Additionally, the court finds it unnecessary at this time to provide a general court order

26

excluding evidence the Sercus believe to be irrelevant when there has been no indication that LabCorp intends to admit such evidence or testimony. The court finds that the Sercus' motions are more appropriately dealt with after the action has progressed and the record has been more fully developed. Accordingly, the Sercus' motions in limine shall be denied without prejudice.

IT IS THEREFORE ORDERED the clerk of court shall file, as a separate motion, plaintiffs' motion in limine #1-4, filed in state court and attached as Exhibit 9, p.43-47, to defendant's petition for removal (Doc. #1).

IT IS FURTHER ORDERED that plaintiffs' motion in limine #1-4 is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiffs' motion in limine #5-8 (Doc. #28) is DENIED without prejudice.

DATED this 20th day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE