UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KAREN SERCU, individually, and
DANA SERCU, individually, and as
Husband and Wife,

        Plaintiffs,

v.

LABORATORY CORPORATION OF
AMERICA, dba LabCorp,

        Defendant.

3:09-cv-0619-LRH-RAM

ORDER

Before the court is plaintiffs Karen and Dana Sercu's ("the Sercus") motion for partial summary judgment on defendant Laboratory Corporation of America's ("LabCorp") second and third affirmative defenses. Doc. #34.[1] LabCorp filed an opposition (Doc. #40) to which the Sercus replied (Doc. #47).

**I.  Facts and Procedural History**

LabCorp is a scientific laboratory company that collects, handles and tests blood specimens. In 2007, Karen went to a LabCorp facility for a blood ammonia test. Karen alleges that LabCorp did not immediately cool her blood samples. Thereafter, LabCorp completed Karen's blood test and sent the results to her treating physicians, including Dr. Atigadda Reddy ("Dr.

---

[1] Refers to the court's docket number.

Reddy"). The reported blood tests showed that Karen had abnormally high ammonia levels in her blood. Dr. Reddy, based on these test results and Karen's other symptoms, diagnosed Karen with Hyperammonemia and intermittent Hepatic Encephalopathy (liver disease) and prescribed the ingestion of lactulose as a treatment which allegedly caused her irritable bowel syndrome ("IBS").

Subsequently, the Sercus filed a complaint against LabCorp alleging two causes of action: (1) negligence per se; and (2) gross negligence. Doc. #1, Exhibit A. In response, LabCorp filed an answer in which it raised several affirmative defenses. Doc. #1, Exhibit 9, p.36-39. In LabCorp's second affirmative defense, LabCorp alleges that Karen Sercus' injuries were caused by the negligence of a third party. In its third affirmative defense, LabCorp alleges that the negligence of the third party was a supervening or intervening event. Thereafter, the Sercus' filed the present motion for partial summary judgment on LabCorp's second and third affirmative defenses. Doc. #34.

**II.     Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could

1 find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.
2 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

3 To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III. Discussion**

LabCorp's second and third affirmative defense are premised upon the negligence of Dr. Reddy. Specifically, LabCorp argues that Dr. Reddy was negligent in his diagnosis and treatment of Karen, and that his negligent recommendation that Karen ingest lactulose was an intervening event which caused Karen's injuries.

In opposition, the Sercus argue that there is no admissible evidence supporting LabCorp's contention that Dr. Reddy was negligent in his diagnosis and treatment of Karen, and, therefore, no evidence to support LabCorp's second and third affirmative defenses. Thus, the Sercus argue that they should be granted summary judgment as to those affirmative defenses.

To establish that a medical doctor was medically negligent in the treatment or diagnosis of a patient, a party must present expert testimony concluding that the doctor breached his duty as a physician. *See e.g., Staccoto v. Valley Hospital*, 107 P.3d 503, 506 (Nev. 2007) (holding that a party must present expert medical testimony to establish medical negligence/malpractice). It is well

3

1 established that a medical doctor has a duty to his patient to have the knowledge and skill
2 ordinarily possessed by a doctor in the practicing field and must use the care and skill ordinarily
3 used by a reputable practitioner in the same field. *See e.g.,* Nevada Pattern Jury Instruction 6.1.

4     The court has reviewed the documents and pleadings on file in this matter and finds that,
5 taking all the evidence in the light most favorable to LabCorp as the non-moving party, there is no
6 admissible expert testimony to support an allegation that Dr. Reddy was negligent in his diagnosis
7 and treatment of Karen, and therefore, no evidence to support LabCorp's second and third
8 affirmative defenses. LabCorp argues that its expert Howard Robin, M.D. ("Dr. Robin"), a
9 pathologist not specializing in gastrointestinal injuries, testified that Dr. Reddy was negligent in his
10 care of Karen because he failed to correlate the abnormal blood results with other clinical and
11 laboratory results. *See* Doc. #40. However, Dr. Robin did not testify that Dr. Reddy was negligent
12 or that Dr. Reddy failed to correlate the blood results with other factors. Rather, Dr. Robin testified
13 in his deposition that a physician owes his patient a duty of care to examine laboratory test results
14 in light of other clinical, laboratory and imaging results before making treatment decisions. *See*
15 Doc. #40, Exhibit H, Robin Depo., p.42:13-19.

16     In stark contrast, Dr. Reddy's medical notes establish that he did correlate Karen's blood
17 results with her other symptoms and thereby, under Dr. Robin's testimony concerning a
18 physician's duty, provided the appropriate care before prescribing lactulose. *See* Doc. #29, Exhibit
19 3; Exhibit 9; *see also,* Doc. #29, Exhibit 8, Reddy Depo., p.42-45. Further, Dr. Robert G. Gish
20 ("Dr. Gish"), a gastrointestinal surgeon who saw and treated Karen, testified in his deposition that
21 Dr. Reddy had not acted negligently in his treatment and diagnosis of Karen. Doc. #34, Exhibit 12,
22 Gish Depo., p.52:115-123 (Q. Do you have any criticism of the way in which Dr. Reddy treated
23 Karen Sercu? A. My clinical impression was that he responded to a blood test that was abnormal . .
24 . So the answer, ultimately, is no to that question.). Therefore, the court finds that there is no
25 evidence established by expert testimony that Dr. Reddy was negligent in his treatment and
26

diagnosis of Karen. Thus, there is no evidence to support LabCorp's second and third affirmative defenses. Accordingly, the court shall grant the Sercus' motion for partial summary judgment.

IT IS THEREFORE ORDERED the plaintiff's motion for partial summary judgment (Doc. #34) is GRANTED. Defendant's second affirmative defense for third party negligence and third affirmative defense for supervening or intervening event are DISMISSED.

DATED this 15th day of January, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5