UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KAREN SERCU; et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA, dba LabCorp,<br><br>    Defendant. | 3:09-cv-0619-LRH-RAM<br><br>ORDER |

Before the court is defendant Laboratory Corporation of America's ("LabCorp") motion in limine to exclude the expert testimony of Dr. Thomas Hinojosa ("Dr. Hinojosa"). Doc. #42.[1]

**I.  Facts and Procedural History**

Plaintiff Karen Sercu allegedly suffered a permanent gastrointestinal injury after receiving treatment for abnormally high blood ammonia level results which were allegedly caused by LabCorp's negligent handling of, and failure to immediately cool, her plasma specimens prior to testing. The Sercus filed a complaint against LabCorp alleging two causes of action: (1) negligence per se; and (2) gross negligence. Doc. #1, Exhibit A.

On August 2, 2010, LabCorp filed a motion for summary judgment on both claims. Doc. #36. The Sercus filed an opposition to LabCorp's motion which included the deposition

---

[1] Refers to the court's docket number.

testimony of their retained gastrointestinal expert, Dr. Hinojosa. *See* Doc. #39. In his deposition testimony, Dr. Hinojosa opined that the ingestion of lactulose, as part of Karen's treatment for high blood ammonia levels, contributed to and exacerbated her previously asymptomatic irritable bowel syndrome ("IBS"). Thereafter, LabCorp filed the present motion to exclude the expert testimony of Dr. Hinojosa under Federal Rule of Evidence 702. Doc. #42.

**II.     Discussion**

LabCorp argues that Dr. Hinojosa's testimony is unreliable because he employed no methodology in reaching his conclusion that lactulose contributed to Karen's injuries and, therefore, his testimony should be excluded under Rule 702 and in accordance with the *Daubert* evidence trilogy: *Daubert v. Merrell-Dow Pharms., Inc.*, 509 U.S. 579 (1993); *General Electric Co. v. Joiner*, 522 U.S. 136 (1998); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999).

Rule 702 permits testimony on "scientific, technical, or other specialized knowledge" by experts qualified by "knowledge, skill, experience, training, or education" if the testimony is both relevant and reliable. FED. R. EVID. 702. Expert testimony is reliable if it is "based upon sufficient facts or data," "the product of reliable principles and methods," and the expert "applies the principles and methods reliably to the facts of the case." *Id*. In determining whether an expert's testimony is admissible, a district court must determine whether the witness is qualified to offer the opinions he is espousing and whether the testimony "rests on a reliable foundation and is relevant to the facts of the case." *Kumho Tire*, 526 U.S. at 152; *see also, United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000).

The court has reviewed the documents and pleadings on file in this matter and finds that Dr. Hinojosa's opinion testimony is reliable and therefore admissible under the Federal Rules of Evidence. First, the court notes that Dr. Hinojosa is qualified to testify and opine about Karen's IBS because he is a licensed medical doctor who specialized in the diagnosis and treatment of gastrointestinal injuries and his opinion is based on his medical knowledge as well as his

1  observations and treatment of Karen Secru. *See e.g., In re Apollo Group, Inc. v. Sec. Litig.*, 527 F.
2  Supp. 2d 957, 960 (D. Ariz. 2007) (for an expert to be qualified, his training, experience and
3  resultant specialized knowledge must be sufficiently related to the issues before the court).
4        Second, LabCorp's concerns about Dr. Hinojosa's testimony goes to the weight rather than
5  the admissibility of his testimony. LabCorp challenges Dr. Hinojosa's ultimate opinion that the
6  ingestion of lactulose by Karen as part of her treatment for the negligent blood tests caused or
7  exacerbated her IBS because there is no specific medical test to determine the exact cause of IBS
8  symptoms. However, a court should not strike expert testimony under *Daubert* simply because the
9  parties dispute the expert's ultimate conclusions. *See Daubert*, 509 U.S. at 594-595 ("The inquiry
10 envisioned by Rule 702 is . . . the scientific validity and thus evidentiary relevance and reliability
11 of the principles that underlie a proposed submission. The focus, of course, must be solely on
12 principles and methodology, not on the conclusions that they generate."). Furthermore, LabCorp's
13 arguments involve factual disputes between the parties, including whether the ingestion of
14 lactulose in a person without high ammonia levels in the blood could contribute to or exacerbate a
15 previous asymptomatic gastrointestinal problem like IBS as Dr. Hinojosa testified. These
16 arguments go to the weight that should be afforded to the expert testimony and not the
17 admissibility of the evidence. *See e.g., Daubert*, 509 U.S. at 596 ("Vigorous cross-examination,
18 presentation of contrary evidence, and careful instruction on the burden of proof are the traditional
19 and appropriate means of attacking shaky but admissible evidence."). Accordingly, the court shall
20 deny defendant's motion.
21       IT IS THEREFORE ORDERED the defendant's motion to exclude (Doc. #42) is DENIED.
22       DATED this 15th day of January, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3