UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KAREN SERCU, individually, and DANA SERCU, individually, and as Husband and Wife,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA, dba LabCorp,<br><br>　　　　　Defendant. | 3:09-cv-0619-LRH-RAM<br><br>ORDER |

Before the court is plaintiffs Karen and Dana Sercu's ("the Sercus") motion for partial summary judgment on defendant Laboratory Corporation of America's ("LabCorp") fourth, fifth, sixth and seventh affirmative defenses. Doc. #35.[1] LabCorp filed an opposition (Doc. #41) to which the Sercus replied (Doc. #48).

**I.   Facts and Procedural History**

LabCorp is a scientific laboratory company that collects, handles and tests blood specimens. In 2007, Karen went to a LabCorp facility for a blood ammonia test. Karen alleges that LabCorp did not immediately cool her blood samples in accordance with LabCorp's testing procedures. Thereafter, LabCorp performed Karen's blood test and sent the results to her treating

---

[1] Refers to the court's docket number.

physicians, including Dr. Atigadda Reddy ("Dr. Reddy"). The reported blood tests showed that Karen had abnormally high ammonia levels in her blood. Based on these test results, Karen was diagnosed with Hyperammonemia and intermittent Hepatic Encephalopathy (liver disease) and prescribed lactulose which allegedly caused severe irritable bowel syndrome ("IBS").

Subsequently, the Sercus filed a complaint against LabCorp alleging two causes of action: (1) negligence per se; and (2) gross negligence. Doc. #1, Exhibit A. In response, LabCorp filed an answer in which it asserted several affirmative defenses including its fourth affirmative defense for comparative negligence; fifth affirmative defense for implied assumption of the risk; sixth affirmative defense for express assumption of the risk; and seventh affirmative defense for failure to mitigate damages. Doc. #1, Exhibit 9, p.36-39. Thereafter, the Sercus' filed the present motion for partial summary judgment on these affirmative defenses. Doc. #35.

**II.    Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.

2

1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.  Discussion**

    **A.  Comparative Negligence**

In its fourth affirmative defense, LabCorp argues that Karen was comparatively negligent in causing her injury because she failed to follow her doctor's dietary and fasting instructions prior to having her blood drawn and tested at LabCorp. *See* Doc. #1, Exhibit 9. In opposition, the Sercus argue that there is no evidence to support LabCorp's affirmative defense that Karen was comparatively negligent in having her blood drawn and tested by LabCorp and therefore, they are entitled to summary judgment on this issue.

In Nevada, comparative negligence is negligence on the part of the plaintiff which contributed to or caused plaintiffs injury. *See* Nev. J.I. 407. To establish an affirmative defense of contributory negligence, a defendant must establish that the plaintiff was negligent and that the plaintiff's negligence caused or contributed to plaintiff's injury. *See* NRS 41.141.

Viewing the evidence in the light most favorable to LabCorp as the non-moving party, the court finds that there are disputed issues of material fact as to whether Karen followed her doctors'

3

1  instructions in dieting and fasting prior to have her blood drawn and whether Karen's failure to
2  follow her doctors' instructions contributed to or caused the abnormally high ammonia levels in
3  her blood. Karen was instructed by her physicians to fast prior to having her blood drawn. Further,
4  she was directed to reduce her protein intake after she was placed on lactulose. However, Karen
5  testified in her deposition that she did not comply with these instructions and instead maintained a
6  high caloric diet rich in fats and protein. *See* Doc. #41, Exhibit E. Thus, the court finds that there
7  are disputed issues of material fact precluding summary judgment and shall deny the Sercus'
8  motion as to LabCorp's fourth affirmative defense.

### B. Assumption of the Risk

In its fifth and sixth affirmative defenses, LabCorp alleges that it is not liable for Karen's injuries because she either impliedly or expressly assumed the risks associated with having her blood drawn by failing to fast prior to testing. *See* Doc. #1, Exhibit 9.

Initially, the court notes that the issue of whether Karen impliedly assumed the risk is incorporated into the determination of whether LabCorp had a duty towards Karen. *See Turner v. Mandalay Sports Entertainment, LLC*, 180 P.3d 1172, 1177 (9th Cir. 2008). It is not a separate affirmative defense. *Id*. ("Whether the doctrine bars a plaintiff's claim should be incorporated into the district court's initial duty analysis, and therefore it should not be treated as an affirmative defense to be decided by the jury."). Accordingly, the court shall grant the Sercus' motion for summary judgment as to LabCorp's fifth affirmative defense for implied assumption of the risk.

Additionally, the doctrine of express assumption of the risk is based on a contract between the parties which relieves the defendant from liability for the plaintiff's injuries. *See Auckenthaler v. Grundmeyer*, 877 P.2d 1039 (Nev. 1994) (express assumption of risk is essentially a contract where the plaintiff signs a document and openly agrees to hold the defendant harmless for known and inherent damages of a particular activity); *Turner*, 180 P.3d at 1177. Here, it is undisputed that there is no contract between the parties relieving LabCorp from liability. Accordingly, the court

shall likewise grant the motion as to LabCorp's sixth affirmative defense.

### C. Mitigation of Damages

In its seventh affirmative defense, LabCorp alleges that Karen failed to mitigate her damages by not following her doctors' instructions in lowering her overall caloric intake, especially her intake of fats, to reduce and/or alleviate her IBS. In opposition, the Sercus argue that there is no evidence to support LabCorp's affirmative defense that Karen failed to mitigate her damages and therefore, they are entitled to summary judgment on this issue.

In Nevada, a plaintiff has a duty to mitigate damages and "cannot recover for damages which could have been avoided by the exercise of reasonable care." *Southern Pacific Transportation Co. v. Fitzgerald*, 577 P.2d 1234, (pin cite) (Nev. 1978). The burden of proving a failure to mitigate is on the party whose conduct is alleged to have caused the injury. *See Silver v. State Disposal Co. v. Shelley*, 774 P.2d 1044, 1046 (1989).

Viewing the evidence in the light most favorable to LabCorp as the non-moving party, the court finds that there are disputed issues of material fact as to whether Karen followed her doctors' instructions in dieting after being diagnosed with IBS. It is generally accepted that diets rich in fatty foods exacerbate IBS conditions. As such, Karen was instructed to reduce the intake of fatty foods to help alleviate her IBS. However, Karen testified in her deposition that she did not comply with these instructions and instead maintained a high caloric diet rich in fats. *See* Doc. #41, Exhibit E, Sercu Depo., p.74:8-9 ("I was eating junk food more than I was eating anything else."). Thus, the court finds that there are disputed issues of material fact precluding summary judgment and shall deny the Sercus' motion as to LabCorp's seventh affirmative defense for failure to mitigate damages.

///

///

///

1  IT IS THEREFORE ORDERED the plaintiff's motion for partial summary judgment
2  (Doc. #35) is GRANTED in-part and DENIED in-part. Defendant's fifth affirmative defense for
3  implied assumption of the risk and sixth affirmative defense for primary assumption of the risk are
4  DISMISSED.

   DATED this 5th day of February, 2011.

   _____
   LARRY R. HICKS
   UNITED STATES DISTRICT JUDGE